JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA HERNANDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>  Defendant. | Case No. 5:24-cv-02501-SB-SHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 15] |

   Plaintiff Esperanza Hernandez filed this lemon-law case in the Riverside County Superior Court after she purchased an allegedly defective 2019 Jeep Cherokee.  Defendant FCA US, LLC removed the case, asserting diversity jurisdiction.  Plaintiff moves to remand, arguing that Defendant has failed to establish that the amount in controversy exceeds $75,000.  The Court finds this matter suitable for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

   Defendant bears the burden of proving that removal was proper.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Where the amount in controversy is uncertain on the face of the complaint and contested by the plaintiff, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).  To do so, the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

   Defendant relies heavily on the complaint's statement that Plaintiff suffered damages "in an amount that is not less than $35,001.00," Dkt. No. 1-2 ¶ 34,

1

coupled with her request for civil penalties "up to two times the amount of actual damages," Dkt. No. 18 at 4.[1]  More specifically, Defendant argues that the alleged amount ($35,001.00) should be interpreted as covering only actual damages, and that when doubled to account for civil penalties ($70,002.00), the combined total satisfies the jurisdictional requirement.  *Id*. at 7.  Plaintiff, on the other hand, contends that the amount stated in the complaint refers to the entire amount of relief at stake, including civil penalties.  While the complaint is not a model of clarity, Defendant overstates the significance of the allegation—which clearly is intended to allege only that the entire amount in controversy exceeds the $35,000 threshold to qualify as an unlimited civil case in state court.  Cal. Civ. Proc. Code § 85(a) (defining a limited civil case as one in which "[t]he amount in controversy does not exceed thirty-five thousand dollars ($35,000)").

Many courts have rejected arguments presuming that a similar allegation of damages in the complaint is an assertion of actual damages to which the civil penalty multiplier may be applied.  *E.g.*, *Rodriguez v. Ford Motor Co.*, No. 5:22-CV-01056-SSS, 2022 WL 4653660, at *4 (C.D. Cal. Sept. 30, 2022) ("Faced with pleadings virtually identical to those at issue here, some courts in the Central District have agreed that 'damages' could plausibly refer to both actual damages and other monetary remedies sought such that the amount in controversy cannot be readily determined from the face of the complaint."); *id*. (adopting this approach but finding that defendant otherwise satisfied its burden to prove the amount in controversy by a preponderance of the evidence); *Mahlmeister v. FCA US LLC*, No. 21-CV-00564-AB, 2021 WL 1662578, at *2 (C.D. Cal. Apr. 28, 2021) ("The Court finds that the Complaint is ambiguous as to total damages and returns to Defendant's burden of proof to establish proper removal."); *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *4 (N.D. Cal. May 5, 2020) (finding that defendants "have only demonstrated by a preponderance of the evidence that the amount of damages, including civil penalties, is at least $25,000.01"[2]).

---

[1] The complaint asserts entitlement to "a civil penalty of two times Plaintiff's actual damages."  Dkt. No. 1-2 ¶¶ 53, 54, 60, 63.  Instead of invoking these allegations, Defendant in its notice of removal relied on Plaintiff's discovery admission that she seeks "*up to* two times the amount of actual damages."  Dkt. No. 1 ¶ 5 (emphasis added).  Because Defendant has not established the amount of actual damages, the distinction is immaterial here.

[2] The amount-in-controversy threshold for limited civil cases in Cal. Civ. Proc. Code § 85(a) was increased from $25,000 to $35,000 effective January 1, 2024.

This Court previously rejected the argument that a similar allegation of "damages" in an amount "not less than $25,001.00" could include all relief sought. *Rahman v. FCA US LLC*, No. 2:21-CV-02584-SB, 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021). On further reflection, the Court is unpersuaded that its analysis in *Rahman* was correct. The Court relied on language from *Washington County Unified Sewerage Agency v. First State Ins. Co.*, 81 F.3d 171 (9th Cir. 1996), an unpublished decision that generally distinguished between damages and civil penalties. But *Washington County* involved an insurance dispute over whether, under Oregon law, the inclusion of the word "damages" in the applicable policy extended coverage to a complaint seeking only civil penalties. The panel did not address the jurisdictional significance of the type of allegation presented here. *Rahman*'s reliance on *Washington County* was therefore misplaced.[3]

Given that the obvious purpose of the complaint's statement of damages is to meet the amount-in-controversy requirement for an unlimited state case, Plaintiff's claim of damages "not less than $35,001" is not a clear statement of *actual* damages. At the very least, this allegation is ambiguous and insufficient to establish the requisite amount in controversy on the face of the complaint. Because it is unclear whether the $35,001 sum includes civil penalties, Defendant must prove that the jurisdictional threshold is met by a preponderance of the evidence.

Beyond the complaint, Defendant cites the vehicle's purchase price to establish the amount of damages but fails to account for the statutory mileage offset, despite the age of the vehicle and the complaint's acknowledgment that the offset applies. See Dkt. No. 1-2 ¶ 29 ("Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle *less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity*.") (emphasis added). Without that information, the purchase price alone does not establish Plaintiff's measure of damages, making any estimation of actual damages speculative. Because Defendant has not

---

[3] *Rahman* also observed that the California Supreme Court distinguished between damages and civil penalties. 2021 WL 2285102, at *2 (citing *Kirzhner v. Mercedes-Benz USA, LLC*, 9 Cal. 5th 966, 984 (2020) ("The [Song-Beverly] Act does not indicate that a buyer may recover only civil penalties—and not damages")). In the following two sentences, however, *Kirzhner* describes civil penalties as one part of "a 'two-tier system of damages' for willful and negligent violations," undermining any suggestion that a reference to "damages" necessarily excludes civil penalties. 9 Cal. 5th at 984.

3

established Plaintiff's actual damages, its reliance on civil penalties at twice that amount is unavailing.

      Nor has Defendant provided nonspeculative evidence of the attorney's fees likely to be incurred in this case.  *See Steeg*, 2020 WL 2121508, at *4 (finding insufficient a declaration of the amount of fees requested in another case because the defendant neglected to show that "the instant case is comparable").  Defendant relies on the same fee declaration it submitted in *Rahman*.  There, the Court found the declaration nonspeculative "given the very active litigation in this action before (and now after) removal."  2021 WL 2285102, at *3.  No similar history is present here, and Defendant has not provided any analysis suggesting—let alone establishing by a preponderance of the evidence—that attorney's fees are likely to exceed $56,000 in this case, as Defendant suggests.  *See Mahlmeister*, 2021 WL 1662578, at *3 (finding conclusory declaration about expected attorney's fees insufficient where defendant did not "explain how this amount is determined, what factors about this specific case make these calculations more likely than not, or how other similar cases have resulted in fees that satisfy the amount in controversy").

      Particularly in light of the strong presumption against removal and the rule that all uncertainty must be resolved in favor of remand, Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, the Court lacks subject-matter jurisdiction, and Plaintiff's motion to remand is granted.  The case is remanded to the Riverside County Superior Court.

Date: February 13, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge